IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PHELIPE LINSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00454-DGK |
| | ) | |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER PRECLUDING REFERENCES TO AMOUNT OF MEDICAL EXPENSES BILLED IN EXCESS OF AMOUNTS ACCEPTED AS PAYMENT

This personal injury lawsuit stems from a slip and fall outside of Defendant's premises on January 15, 2019, during which Plaintiff alleges he injured his left shoulder. Now before the Court is Defendant's "Motion In Limine to Preclude References to Amounts of Charged Medical Expenses in Excess of Amounts Actually Accepted as Payment" (Doc. 51).

Defendant moves to exclude the amount Plaintiff was *billed* as evidence of the actual cost of medical care he received. Defendant argues that under the recently revised Missouri Revised Statute § 490.715.5, the parties are only allowed to present evidence of the "actual cost" of the medical care rendered to Plaintiff. The statute defines "actual cost" as

> a sum of money not to exceed the dollar amounts paid by or on behalf of a plaintiff or patient whose care is at issue plus any remaining dollar amount necessary to satisfy the financial obligation for medical care or treatment by a health care provider *after adjustment* for any contractual discounts, price reduction, or write-off by any person or entity.

Mo. Rev. Stat. § 490.715.5(2) (2017) (emphasis added).

Plaintiff argues the amount he was billed is admissible, pointing to a Missouri Court of Appeals case holding that "Section 5 does not preclude a plaintiff from introducing the amounts charged by the health care providers. It merely provides a means for a party to introduce the 'actual costs of medical treatment.'" *Brancati v. Bi-State Dev. Agency*, 571 S.W.3d 625, 634–35 (Mo. Ct. App. 2018) (quoting § 490.715.5). The *Brancati* court reasoned that

> The legislature's use of the term "may" makes it clear that the legislature was not indicating the actual costs of medical treatment was the *only* evidence of medical bills to be allowed. Rather, Section 5 simply provides a means for introducing evidence of the "actual cost of medical care or treatment" which would otherwise be inadmissible due to the collateral source rule. There is no language in the statute mandating that the actual cost of medical care and treatment as defined by Section 5, subsection 2 is the only allowable evidence of medical bills.

*Id*. at 635 (emphasis in original).

This Court reads the statute differently. The legislature's use of the term "may" in Section 5 creates an exception to the rule announced in Section 1 that no evidence of collateral sources is admissible. This exception is that "parties may introduce evidence of the *actual cost* of the medical care or treatment rendered to a plaintiff or a patient whose care is at issue." § 490.715.5(1) (emphasis added). The statutory definition, as provided above, does not include "amounts billed or amounts charged by a provider" (or any such equivalent language), and so the amount billed is not part of the exception. Thus, evidence of the amount billed is not admissible as evidence of the actual cost of the medical care or treatment rendered.

Further, Federal Rule of Evidence 403 weighs against admitting evidence of the amount charged here. Under Rule 403, a court may exclude relevant evidence if its probative value is substantially outweighed by a danger of confusing the issues or misleading the jury. Evidence of

2

the amount Plaintiff was billed is somewhat relevant to the actual cost of his medical treatment—the amount billed is usually at least loosely related to the actual cost of medical care received. But the probative value of this evidence is substantially outweighed by the danger of confusing the issue or misleading the jury about what the "actual cost" of the care received was as defined by § 490.715.5.  Section 490.715.5 expressly states the "actual cost" is the amount "*after adjustment* for any contractual discounts, price reduction, or write-off by any person or entity." (Emphasis added.)  Thus, when a hospital issues a $200,000 bill for medical care and then discounts, reduces, or writes-off the amount so a $70,000 payment satisfies the financial obligation, the actual cost of the care received under § 490.715.5 is $70,000.  Evidence or argument to the contrary is confusing and misleading.

Accordingly, only the amount paid plus any outstanding charges will be allowed as evidence of the actual cost of Plaintiff's medical care.  *See Smith v. Toyota Motor Corp.*, No. 2:16-CV-24-ERW, 2018 WL 1806698, at *6 (E.D. Mo. April 17, 2018); *Covey v. Wal-Mart Stores East, L.P.*, No. 16-1262-CV-W-ODS, 2017 WL 6459811, at *4 (W.D. Mo. December 18, 2017).

The motion is GRANTED.

**IT IS SO ORDERED.**

Date:   October 8, 2020              /s/ Greg Kays
                  GREG KAYS, JUDGE
                  UNITED STATES DISTRICT COURT