# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| PHELIPE LINSTROM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 4:19-cv-00454-DGK |
| QUIKTRIP CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER ON MOTIONS IN LIMINE

This personal injury lawsuit stems from a slip and fall outside of Defendant's premises on during which Plaintiff injured his left shoulder. This case is currently set for trial on October 27, 2020. Now before the Court are five motions in limine (Docs. 46-50).[1]

The Court rules as follows.

**1.    The parties' undisputed requests are granted.**    Defendant does not dispute most (numbers 2-3, 5-12) of the requests raised in Plaintiff's primary motion in limine (Doc. 46), nor does Plaintiff dispute any of the requests in Defendant's "omnibus" motion (Doc. 49). Plaintiff also has no objection to Defendant's motion (Doc. 47) to exclude evidence and testimony of lost wages, lost jobs, or other business/income loss.

Similarly, the parties have filed briefs (Docs. 48, 58) which agree that Defendant's guidelines, policies and procedures do not establish the standard of care owed by Defendant to Plaintiff. Thus, the Court holds neither party may argue that since Defendant did (or did not)

---

[1] The Court previously granted a sixth motion in limine (Doc. 51). The parties are currently briefing a seventh motion in limine (Doc. 84).

comply with its guidelines or policies and procedures concerning snow and ice removal, Defendant did (or did not) satisfy the applicable standard of care in this case.

**2.     Plaintiff's request to exclude any evidence or argument that Plaintiff's injuries or current condition were a result of unrelated incidents or health condition is taken under advisement.** This ruling pertains to request number one in Plaintiff's initial motion (Doc. 46). As a threshold matter, the Court cannot rule on this request because it is too vague. Motions in limine should be directed at specific evidence, not broad, vague categories of evidence or testimony. *See Sappington v. Skyjack, Inc.*, No. 04-5076-CV-SW-FJG, 2008 WL 895222, at *7 (W.D. Mo. Mar. 27, 2008) (denying motion in limine which lacked specificity).

But even if the request were more specific, the Court would not grant it. Defendant states it does not plan to introduce any evidence of other incidents or prior medical conditions to dispute causation for Plaintiff's shoulder injury. It does intend to dispute the nature and extent of Plaintiff's injuries, which it is entitled to do. Thus, Defendant may introduce evidence of Plaintiff's prior injuries or health conditions to show that his injuries and damages are exaggerated or more limited than he alleges. More specifically, Defendant may introduce prior instances where doctors determined that his perceived physical conditions or symptoms were non-existent and/or the result of anxiety, paranoia, or otherwise not present. This evidence is potentially admissible on several topics: to impeach Plaintiff's credibility; to impeach Plaintiff or his treating physician if they attribute certain alleged injuries (depression, anxiety, etc.) solely to the accident; to lay the foundation for prior imaging scans that doctors used for comparisons on the day of the accident.

**3.     Plaintiff's request to exclude any evidence or testimony related to his lost income *in the event Plaintiff decides to abandon such a claim* is denied as moot.**  This ruling pertains to request number four in Plaintiff's initial motion (Doc. 46).   As discussed in more detail below, Plaintiff has no objection to Defendant's motion to exclude evidence and testimony of lost wages, lost jobs, or other business/income loss.   Thus, this request is moot.

**4.     Defendant's motion to exclude undisclosed and untimely disclosed expert reports is denied as moot.**  Defendant filed this motion (Doc. 50) on September 15.   Defendant contends Plaintiff has identified as his only expert Dr. Kurt Krueger, an economist whose opinions were limited—Defendant alleges—to Plaintiff's claim for loss of household services.   Defendant argues Dr. Krueger should not be permitted to issue a supplemental expert report days before trial when he had several months prior to trial to do so.

On September 22, Plaintiff filed his response (Doc. 56).   It states Plaintiff does

> not intend to have Dr. Krueger issue a revised Report . . . about Plaintiff's current abilities to perform household chores or activities of daily living.   Plaintiff does, however, anticipate that Dr. Krueger will revise his Report to include adjusted and updated 'past' and 'future' economic loss projections, to account for the time that has elapsed since he issued his Report [which was issued almost a year before the trial date].

Pl.'s Resp. at 1.

That same day—in fact, moments before filing the above response—Plaintiff filed his response (Doc. 55) to Defendant's motion in limine to exclude evidence and testimony of lost wages, lost jobs, or other business/income loss (Doc. 47).   This motion requested the Court "bar Plaintiff, Plaintiff's counsel and any other witnesses from discussing, mentioning, referring, or otherwise alluding to any evidence of lost wages, lost jobs, or other business or income losses

allegedly attributable to Plaintiff's incident at QuikTrip . . . ." Mot. at 4. Plaintiff's response to this motion, which he identified by its full title to "Exclude Evidence and Testimony of Lost Wages, Lost Jobs, or Other Business/Income Loss," stated Plaintiff had "no objection" to it.

Finally, on September 28, Plaintiff withdrew his claim for loss of household services (Doc. 61).

By agreeing to Defendant's motion in limine on lost income, Plaintiff has agreed not to present any evidence or witness testimony supporting any claim for lost wages, lost jobs, or other business/income losses. And by withdrawing his claim for loss of household services, Plaintiff cannot present evidence on the value of any lost household services. This means Dr. Krueger will not be testifying or providing evidence any evidence on any subject. Since Dr. Krueger will not be testifying or providing evidence, any potential controversy about when Plaintiff should have disclosed any revised expert report authored by Dr. Krueger is moot. Accordingly, Defendant's motion is denied as moot.

**IT IS SO ORDERED.**

Date:  October 19, 2020             /s/ Greg Kays
                                    GREG KAYS, JUDGE
                                    UNITED STATES DISTRICT COURT