# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| PHELIPE LINSTROM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00454-DGK |
| | ) | |
| QUIKTRIP CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR NEW TRIAL

This personal injury lawsuit stems from Plaintiff's slip and fall in Defendant's parking lot on January 15, 2019, during which Plaintiff injured his left shoulder. After a four-day jury trial, the jury awarded Plaintiff $405,892.00 in damages, but found he was 94% at fault for the accident.

Now before the Court's Plaintiff's Motion for New Trial (Doc. 126) brought pursuant to Federal Rule of Civil Procedure 59. A new trial under Rule 59 "is warranted when the outcome is against the great weight of the evidence so as to constitute a miscarriage of justice." *Bank of Am., N.A., v. JB Hanna LLC,* 766 F.3d 841, 851 (8th Cir. 2014). In making this determination, the court relies on its own reading of the evidence, including weighing the evidence and evaluating the witnesses' credibility. *Lincoln Composites, Inc. v. Firetrace USA, LLC*, -- F.3d --, 2016 WL 3186895, at *2 (8th Cir. 2016). Where the moving party complains about an evidentiary ruling, the court must determine whether the "ruling was so prejudicial as to require a new trial which would be likely to produce a different result." *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1058-59 (8th Cir. 2005).

Plaintiff argues the Court erred in granting Defendant's motion to exclude testimony

concerning future medical expenses from Dr. Larry Frevert and Gary Eichenberger, DPT, and that Plaintiff was prejudiced as a result of not being able to produce evidence regarding the costs of his future medical expenses, including a possible surgery.

This argument is without merit. As a threshold matter, the Court never prohibited Plaintiff from introducing evidence of future medical costs at trial. Rather, it excluded portions of Plaintiff's deposition designations as the vehicle to put such evidence before the jury. Plaintiff was free to introduce such evidence by other methods, such as calling his experts live, but did not.

Additionally, after reviewing the record, the Court holds it did not err in excluding the deposition designations because the form of the questions was improper. Thus, Plaintiff did not suffer any prejudice from the Court's ruling, and a new trial is not likely to produce a different result.

The motion is DENIED.

**IT IS SO ORDERED.**

Date: February 3, 2021  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT